UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARK TAYLOR,

                    Plaintiff,                         **ORDER**

    -against-                            05-CV-5251 (NGG)

RITE AID PHARMACY,

                    Defendant.
--------------------------------------------------------X
GARAUFIS, United States District Judge:

        *Pro se* plaintiff Mark Taylor filed this action pursuant to Title VII of the Civil Rights Act of 1964, alleging that defendant Rite Aid Pharmacy discriminated against him based on his race and national origin. The Court grants plaintiff's amended request to proceed *in forma pauperis.* As set forth below, the Court directs plaintiff to show cause by written affirmation, filed within 30 days from the date of this order, why the action should not be dismissed as time-barred.

## Background

        Plaintiff alleges that he was employed by Rite Aid until September 2001. Plaintiff further alleges that he was at his new place of employment, Eckerd Pharmacy,[1] on August 22, 2003, when a police detective questioned him about a threatening call made to an employee of Rite Aid. Plaintiff alleges that these accusations are false and are motivated by "racial retaliation" for his "whistle blowing." Plaintiff alleges "discrimination is the fact for [the Rite Aid employees] were all white" and he is African-American.

---

[1] Plaintiff also has a Title VII case pending against Eckerd Pharmacy under docket number 05-CV-5250 (CBA) (LB).

1

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint ... "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). Because plaintiff is proceeding *pro se*, his complaint is read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**Discussion**

A. 300-Day Filing Period

Under Title VII, a New York plaintiff must file an administrative claim with the Equal Employment Opportunity Commission (EEOC) within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); Weeks v. New York State (Div. of Parole), 273 F.3d 76, 82 (2d Cir. 2001) (citing Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)); Hansen v. Danish Tourist Bd., 147 F.Supp. 2d 142, 154-55 (E.D.N.Y. 2001) (citing Butts v. City of New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). This statutory requirement effectively acts as a statute of limitations and Title VII claims are barred by the failure to file a timely charge. Van Zant, 80 F.3d at 712. The statute of limitations begins to run when each discriminatory and retaliatory act occurs. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. See Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985). However, plaintiff has the burden to show that exceptional circumstances prevented him from filing the EEOC charge in order to apply equitable tolling to the 300-day filing period. See id.; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). When the plaintiff fails to file a timely charge with the EEOC, a subsequent civil action is generally time-barred. See Hansen, 147 F.Supp.2d at 155 (dismissing claims of discrimination that occurred prior to 300 days before plaintiff filed EEOC charge as untimely).

　　　　　Here, plaintiff alleges that the discriminatory conduct occurred on September 2001, see Complaint at 3, ¶ 5. Plaintiff does not provide the precise date when he was terminated from employment. Moreover, there are no facts to support plaintiff's claim that defendant is still committing discriminatory acts against him. Complaint at 3, ¶ 6. According to plaintiff, he filed a charge of discrimination on May 2005, see Complaint at 4, ¶ 10, but the EEOC letter states that he filed the charge of discrimination on August 11, 2005. See Unmarked Exhibit, EEOC Letter enclosing Dismissal and Notice of Rights. The EEOC dismissed plaintiff's claims as time-barred and issued a right-to-sue letter on August 24, 2005. Whether the charge was filed in May 2005 or August 11, 2005, such a charge would be time-barred based on discriminatory conduct which occurred in September 2001. However, while plaintiff's claims clearly fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this suit if plaintiff can show that he is entitled to equitable tolling.

**Conclusion**

Accordingly, plaintiff is hereby directed to show cause why the complaint should not be dismissed as time-barred by filing a written affirmation within 30 days of this Order (form attached hereto). No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this order. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed as time-barred and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

                        ____/s/_____
                        Nicholas G. Garaufis
                        United States District Judge

Dated: May 18, 2006
      Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MARK TAYLOR,

                       Plaintiff,                         **PLAINTIFF'S**
                                                      **AFFIRMATION**

     -against-

                                                      **05-CV-5251 (NGG)**

RITE AID PHARMACY,

                      Defendant.
_____X

STATE OF _____    }
COUNTY OF _____    } SS:


       MARK TAYLOR makes the following affirmation under the penalties of perjury:  I am the

plaintiff in this action and I respectfully submit this affirmation in response to the Court's order dated

_____.  The instant complaint should not be time-barred by the 300-day period of

limitations   because   _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant complaint should be permitted to proceed.

DATED: _____          _____
                                Signature


                                _____
                                Address

                                _____
                                City, State & Zip Code
                                _____