DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK TAYLOR,

                Plaintiff,

-against-

RITE AID PHARMACY,

                Defendant.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
05-CV-5251 (NGG)

GARAUFIS, United States District Judge:

On November 3, 2005, plaintiff Mark Taylor, appearing *pro se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964, alleging that defendant Rite Aid Pharmacy discriminated against him based on his race and national origin. By order dated May 18, 2006, the Court directed plaintiff to show cause why the action should not be dismissed as time-barred. On June 19, 2006, plaintiff filed an affirmation. On June 27, 2006, plaintiff filed an additional response. The complaint is dismissed as set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint ... is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, his complaint is

1

read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994).

**Discussion**

A. 300-Day Filing Period

Under Title VII, a New York plaintiff must file an administrative claim with the Equal Employment Opportunity Commission (EEOC) within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); Weeks v. New York State (Div. of Parole), 273 F.3d 76, 82 (2d Cir. 2001) (citing Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)); Hansen v. Danish Tourist Bd., 147 F.Supp.2d 142, 154-55 (E.D.N.Y. 2001) (citing Butts v. City of New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). This statutory requirement effectively acts as a statute of limitations and Title VII claims are barred by the failure to file a timely charge. Van Zant, 80 F.3d at 712. The statute of limitations begins to run when each discriminatory and retaliatory act occurs. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. See Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985). However, plaintiff has the burden to show that exceptional circumstances prevented him from filing the EEOC charge in order to apply equitable tolling to the 300-day filing period. See id.; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). When the plaintiff fails to file a timely

2

charge with the EEOC, a subsequent civil action is generally time-barred. See Hansen, 147 F.Supp.2d at 155 (discussing that claims of discrimination that occurred prior to 300 days before plaintiff filed EEOC charge are untimely).

Here, plaintiff alleged that the discriminatory conduct occurred in September 2001. (See Complaint at 3, ¶ 5.) In the complaint, plaintiff alleged that he filed a charge of discrimination in May 2005, (see Complaint at 4, ¶ 10), but the EEOC letter states that he filed the charge of discrimination on August 11, 2005. (See Unmarked Exhibit, EEOC Letter enclosing Dismissal and Notice of Rights.) The EEOC dismissed plaintiff's claims as time-barred and issued a right-to-sue letter on August 24, 2005. Whether the charge was filed in May 2005 or August 11, 2005, such a charge would be time-barred based on discriminatory conduct which occurred in September 2001. In light of plaintiff's *pro se* status, the Court directed plaintiff to show cause why the complaint should not be dismissed as time-barred and to provide facts, if necessary, to show that he is entitled to equitable tolling.

In his Affirmation ("Pl. Aff.") in response to the Court's order, plaintiff alleges that the instant complaint was filed within the 300-day period, but provides no facts to support that contention. (Pl. Aff. at 1.) In his "Answer to Judge's Affirmation Documents" ("Pl. 2d Aff."), plaintiff clarifies that "an error was made on [his] part as to when this case was filed with the EEOC. It has been filed in August of 2005." Plaintiff alleges that he filed this case on "the advice of the agent that handles the caseloads." (Pl. 2d Aff. at 1.) In fact, plaintiff filed two cases at the same time, the instant action and a separate Title VII employment discrimination action against Eckerd Pharmacy. See Taylor v. Eckerd, 05-CV-5250 (CBA) (pending).[1] Plaintiff

---

[1] The action against defendant Eckerd, which was timely filed, is in pretrial proceedings.

appears to confuse both actions insofar as he alleges in the affirmation that "I am filing for the termination from *Eckerd* for the time of August 19, 2004." (Emphasis added). However, this action is against Rite Aid and not Eckerd.

Moreover, plaintiff's claims of discrimination against Rite Aid occurred in September 2001, (see Complaint at 3, ¶ 5; Pl. 2d Aff. at 3), and he admits that he did not file the discrimination charge against Rite Aid until August 2005. (Pl. 2d Aff. at 1.) Plaintiff has not provided any facts to show that he filed a timely charge of discrimination against Rite Aid or that he is entitled to equitable tolling. It is immaterial that he "was unaware of the statute of limitations within the court systems of New York and for the United States Federal Courts." (Pl. 2d Aff. at 5.) The complaint against Rite Aid is time-barred because the underlying charge was not filed within the 300-day period.

**Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/signed/
Nicholas G. Garaufis
United States District Judge

Dated: September 18, 2006
Brooklyn, New York

4